Commonwealth ex rel. Graves, Appellant, *v.* Myers.

Submitted May 1, 1958. Before JONES, C. J., BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Theodore Graves,* appellant, in propria persona.

*J. Harold Hughes,* First Assistant District Attorney, and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY MR. JUSTICE BELL, June 30, 1958:

Graves was found guilty by a jury on January 13, 1955 of murder in the second degree. He was sentenced on January 18, 1955 to imprisonment in the Eastern State Penitentiary for a period of ten to twenty years.

Michael Arcamone was held up and brutally murdered in his small grocery store in the City of Chester. Five men were implicated in the crime. Maxwell, who fired the fatal shot, was convicted of murder in the first degree, was sentenced to death, and has been executed. Stevens and Logan were convicted of murder

in the first degree and were sentenced to life imprisonment. Graves and another participant named Buffel Williams were each found guilty by a jury of murder in the second degree.

Graves was the driver of the get-away car and waited outside the store, one-half block away, with the motor running. He admitted that he heard talk about a stick up. After the robbery and the murder had been committed, Graves fled with the other four defendants and drove the car back to Philadelphia.

Graves asserts now, as he did at the trial, that he merely drove his friends to the store to do them a favor, and that he had no knowledge that they intended to commit a crime. He therefore contends that he could not have been guilty of murder or of any crime whatsoever. He submits an affidavit of Stevens and of Williams—neither of whom testified—in which they state that "Graves had no knowledge of any felonious act nor did he participate in any manner in said act which resulted in the death of one Michael Arcamone on the night of February 27, 1954; that he was but innocently and obligingly performing a friendly act in assisting his companions to visit their relatives by driving the car involved in the crime." The District Attorney demanded at the trial that Graves be found guilty of murder in the first degree, and now contends that Graves was fortunate that he was not found guilty of murder in the first degree.

Graves' petition merely raises a jury question and the evidence at the trial unduobtedly warranted the jury's verdict. The Trial Judge was convinced that defendant had a fair trial and that nothing in the present petition warrants the issuance of the writ. We agree.

Order affirmed.